FILED
January 10, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003198664

DAVID M. MEEGAN (State Bar No. 114549)
**MEEGAN, HANSCHU & KASSENBROCK**
Attorneys at Law
11341 Gold Express Drive, Suite 110
Gold River, CA 95670
Telephone: (916) 925-1800
Facsimile: (916) 925-1265

Attorneys for LEE and JENNIFER HURST

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

[Sacramento Division]

In re:

LEE and JENNIFER HURST,

    Debtors.

Case No. 10-51799-C-7

DC No. MHK-2

Date: February 8, 2011
Time: 9:30 a.m.
Dept: C

Judge: Hon. Christopher M. Klein

**DEBTORS' VERIFIED MOTION TO COMPEL TRUSTEE
TO ABANDON DEBTORS' RESIDENTIAL RENTAL PROPERTIES AND
ALL OTHER PROPERTY CLAIMED AS EXEMPT
[1439 Hickory Street, Roseville, CA 95678; APN 012-240-004, and
6142 Frost Ridge Way, Rocklin, CA 95765; APN 364-040-043]
(Docket Control No. MHK-2)**

Debtors Lee and Jennifer Hurst ("Debtors"), through their counsel, Meegan, Hanschu & Kassenbrock, represent as follows:

1.    This case was filed as a Chapter 7 case on December 3, 2010.

### Abandonment of Rental Properties

2.    The property of the Debtors' bankruptcy estate consists in part of the following two residential rental properties:

- 1439 Hickory Street
  Roseville, CA 95678
  APN: 012-240-004
  ("Hickory Street Property")

1 | • 6142 Frost Ridge Way
2 | Rocklin, CA 95765
  | APN: 364-040-043
3 | ("Frost Ridge Way Property")

4 (collectively "Rental Properties").

5     3.    Broker's Price Opinions ("BPO's") of the Rental Properties were performed by Mark Peek of Keller Williams on January 6, 2011. True and correct copies of the BPO's are submitted collectively herewith as **Exhibit A**. Pursuant to the CMA's, the Rental Properties are valued as follows:

    Hickory Street Property value:    $125,000 - $135,000

    Frost Ridge Way Property    $365,000

On their Schedule A, the Debtors listed the values for the Hickory Street Property at $135,000 and the First Ridge Way Property at $400,000. However, for purposes of this motion, a value of $365,000 is assumed, based on the BPO.

    4.    The Hickory Street Property is encumbered by the following:

| | |
|---|---|
| First deed of trust (Wells Fargo) | $189,592.00 |
| Second deed of trust (Wells Fargo) | $136,000.00 |
| Placer County Tax Assessor | $   3,154.00 |
| Total encumbrances | $328,746.00 |

True and correct copies of the most recent mortgage statements from Wells Fargo are submitted collectively herewith as **Exhibit B**. It is clear from the above that there is no equity in the Hickory Street Property and no value remains for consideration by the trustee in this bankruptcy case.

    5.    The Frost Ridge Way Property is encumbered by the following:

| | |
|---|---|
| First deed of trust (Bank of America) | $265,437.00 |
| Second deed of trust (Wells Fargo) | $338,400.00 |
| Placer County Tax Assessor | $  11,225.00 |
| Total encumbrances | $615,062.00 |

True and correct copies of the pertinent page of debtors' most recent credit report (showing balance of Bank of America loan at the asterisk) and the most recent mortgage

statement from Wells Fargo are submitted collectively herewith as **Exhibit C**. It is clear from the above that there is no equity in the Frost Ridge Way Property and no value remains for consideration by the trustee in this bankruptcy case.

6. Debtors wish to pursue short sales of the Rental Properties and therefore request the Court to enter an order compelling the trustee to abandon any interest in both properties.

7. In addition to the Rental Properties, there is certain property which the Debtors claimed as exempt ("Exempt Property"). Submitted herewith as **Exhibit D** is a true and correct copy of the Debtors' Schedule C which lists the Exempt Property. The Debtors believe there is no equity in the Exempt Property for the estate.

8. 11 U.S.C. Section 554(b) permits a party in interest to, after notice and hearing, request the Court order the trustee to abandon property of the estate. This is such a motion. Abandonment of the Rental Properties and Exempt Property by the estate to the Debtors is appropriate because the Rental Properties and Exempt Property are both of inconsequential value and benefit to the estate and burdensome to the estate.

WHEREFORE, the Debtors ask this Court enter its order:

1. Directing the trustee to abandon the Rental Properties and Exempt Property to the Debtors, effective immediately upon entry of such an order; and,

2. For any and all such further relief the Court deems just.

MEEGAN, HANSCHU & KASSENBROCK

DATED: January 7, 2011

DAVID M. MEEGAN, Attorneys for
Debtors Lee and Jennifer Hurst

## VERIFICATION

I, Lee Hurst, am one of the debtors in the above-entitled action. I have read the above-referenced document and know the contents thereof. I certify that the same is true of my own knowledge, except as to the matters which are therein stated upon my information or belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 7, 2011, at SACRAMENTO, California.

_____
LEE HURST